IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLIN PENN,

      Plaintiff,                    No. CIV S-10-2256 KJM P

   vs.

WARDEN McDONALD, et al.,

      Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $5.32 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007),

and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that on May 14, 2009, defendants Griffith and Harper asked him to accept a cell mate despite his single cell status and despite their knowledge that plaintiff and Inmate Bremmer, the proposed cell-mate, had argued only a few days earlier. When plaintiff reminded the defendants that he was on single cell status, they assembled a cell extraction team. After plaintiff had been removed from his cell, defendants Griffith and Harper confiscated plaintiff's personal property. During a search of the property, defendant Barron "threw plaintiff's property all over the cell in disarray." After the search, plaintiff's television and CD player had been damaged and numerous CDs had been confiscated.

On May 16, 2009, plaintiff held his food tray in protest of the confiscation of this property and after that defendant Harper drafted a rules violation report about the incidents of May 14.

Plaintiff alleges that these actions were taken in retaliation for a grievance he filed against Correctional Officer Barron and alleges due process and excessive punishment causes of action.

As currently drafted, plaintiff's complaint does not state a claim under the civil rights action. There is no federal constitutional right to single-cell status. See Rhodes v. Chapman, 452 U.S. 337, 352 (1981) (double-celling does not violate the 8th Amendment); Wilso v. Tilton, 2009 WL 3246430 at 6 (E.D. Cal. 2009). In addition, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31(1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.

See Zinermon v. Burch, 494 U.S. 113, 128 (1990).  California law provides such an adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810-895).   Petitioner does claim that these acts were retaliatory but then does not assert a cause of action based on the violation of his First Amendment rights or allege that the actions were taken without a legitimate penological purpose.  See Rhodes v. Robinson, 408 F.3d 559, 567-68  (9th Cir.  2005).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint, if plaintiff is able to amend while complying with Federal Rule of Civil Procedure 11.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

4

1  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
2  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
3  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
4       In accordance with the above, IT IS HEREBY ORDERED that:
5       1. Plaintiff's requests for leave to proceed in forma pauperis (docket nos. 8 & 9)
6  are granted.
7       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
8  Plaintiff is assessed an initial partial filing fee of $5.32.  All fees shall be collected and paid in
9  accordance with this court's order to the Director of the California Department of Corrections
10 and Rehabilitation filed concurrently herewith.
11      3. Plaintiff's complaint is dismissed.
12      4. Plaintiff is granted thirty days from the date of service of this order to file an
13 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
14 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
15 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
16 an original and two copies of the amended complaint; failure to file an amended complaint in
17 accordance with this order will result in a recommendation that this action be dismissed.
18 DATED: October 12, 2010.

_____
U.S. MAGISTRATE JUDGE

21 2
penn2256.14