IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLIN PENN

      Plaintiff,                     No. CIV S-10-2256 GGH (TEMP) P

   vs.

McDONALD, et al.

      Defendants.              FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, the undersigned performed its duty under 28 U.S.C. § 1915A to screen any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court found that plaintiff has stated a cognizable claim only against defendant Harper and ordered plaintiff to provide the documents necessary to effect service on him.

       As to the other named defendants, plaintiff has not provided sufficient factual information to allege a plausible, specific link between them and any act that, if proven, would subject them to liability under 42 U.S.C. § 1983. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

1

1    To make a plausible claim, plaintiff must allege with at least some degree of particularity overt
2    acts which defendants engaged in that support plaintiff's claim.  <u>Jones v. Community Redev.</u>
3    <u>Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Therefore the complaint must allege in specific
4    terms how each named defendant is involved.  Furthermore, vague and conclusory allegations of
5    official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673
6    F.2d 266, 268 (9th Cir. 1982).

7        There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative
8    link or connection between an individual defendant's actions and the claimed deprivation.  <u>Rizzo</u>
9    <u>v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v.</u>
10   <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  In his first amended complaint, plaintiff fails to make
11   that required link with respect to defendants McDonald, Woodford, Keating, Griffith, Barron and
12   Wedemyer.  Therefore, those defendants should be dismissed.

13       Accordingly, IT IS RECOMMENDED that defendants McDonald, Woodford,
14   Keating, Griffith, Barron and Wedemyer be dismissed from this case.

15       These findings and recommendations are submitted to the United States District
16   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
17   one days after being served with these findings and recommendations, any party may file written
18   objections with the court and serve a copy on all parties.  Such a document should be captioned
19   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
20   shall be served and filed within fourteen days after service of the objections.  The parties are
21   advised that failure to file objections within the specified time may waive the right to appeal the
22   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
23   DATED: May 30, 2011

24                                           /s/ Gregory G. Hollows
                                         _____
25   GGH:hm                              GREGORY H. HOLLOWS
     penn2256.57                         UNITED STATES MAGISTRATE JUDGE
26