IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLIN PENN,

        Plaintiff,               No. CIV S-10-2256 GEB CKD P

      vs.

WARDEN MCDONALD, et al.,       ORDER AND

        Defendants.       FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  Plaintiff is proceeding with a claim arising under the First Amendment against defendant Harper (defendant), see June 1, 2011 Order, a Correctional Sergeant at High Desert State Prison.  Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted.

I.  Plaintiff's Allegations

        The court has reviewed plaintiff's complaint and the numerous attached exhibits.  Construing the allegations in the light most favorable to plaintiff, the court finds the material allegations in plaintiff's amended complaint to be as follows.

        On May 14, 2009, defendant ordered that plaintiff allow inmate Brimmer to be celled with plaintiff in plaintiff's cell.  Plaintiff, at least initially, refused and refused to exit his

1 cell when ordered to do so.  After plaintiff agreed to leave his cell, Correctional Officers Barron

2 and Wedemyer searched plaintiff's cell and removed all of his personal property.

3       Some of the property recovered on May 14, 2009 was donated by defendant to an

4 undisclosed group or party.  It appears defendant told plaintiff on May 15, 2009 that the property

5 which was donated was not allowable under California Department of Corrections and

6 Rehabilitation regulations.  Plaintiff asserts the property was allowable.

7       Plaintiff asserts the confiscation and donation of his property was in retaliation for

8 plaintiff filing two inmate grievances:  1) against Correctional Officers Barron and Wedemyer for

9 falsification of plaintiff's work time sheets; and 2) for "single cell status."  While plaintiff alleges

10 Barron and Wedemyer told defendant about the grievance plaintiff filed against them, plaintiff

11 fails to indicate how he knows this and there is nothing in plaintiff's amended complaint or the

12 attached exhibits showing that defendant knew about the grievance.  Also, plaintiff's amended

13 complaint indicates that he had requested on several occasions to be granted "single cell status,"

14 but nothing indicates any such requests were granted or that plaintiff was not otherwise approved

15 by prison administration to be housed with another inmate on May 14, 2009.  However, plaintiff

16 had not had a cellmate since November 18, 2008.

17 II.  <u>Motion To Dismiss Standard</u>

18       In order to avoid dismissal for failure to state a claim a complaint must contain

19 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

20 of a cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).

21 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

22 statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Also, a complaint

23 must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

24 on its face.'"  <u>Iqbal</u>, 129 S. Ct. at 1949 quoting <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial

25 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

26 inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949.  A

1  complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual

2  enhancement.'"  Id. quoting Twombly, 550 U.S. at 557.

3           When considering whether a complaint states a claim upon which relief can be

4  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

5  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

6  Rhodes, 416 U.S. 232, 236 (1974).

7           While defendant attaches exhibits to his motion to dismiss, those exhibits which

8  are not also attached to plaintiff's amended complaint are not considered.  See Hal Roach

9  Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (court generally

10  only considers factual material in complaint and attached exhibits when addressing motion to

11  dismiss for failure to state a claim).  Also, any allegations of fact made by plaintiff in his

12  opposition to defendant's motion which do not also appear in plaintiff's amended complaint or

13  the attached exhibits are not considered.  Id.

14  III.  Analysis

15           Prison officials generally cannot retaliate against inmates for exercising First

16  Amendment rights.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's

17  First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires

18  a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the

19  correctional institution or was not tailored narrowly enough to achieve such goals."  Id. at 532.

20  The plaintiff bears the burden of pleading and proving the absence of legitimate correctional

21  goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

22           Plaintiff's act of filing a prisoner grievance is protected by the First Amendment,

23  see Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) and the confiscation of plaintiff's

24  property is more than the "minimal harm" which must be alleged in order to state a claim for

25  retaliation, see id. at 568 n. 11.  The problem with plaintiff's claim is the lack of a sufficient

26  /////

1  connection between his protected act of filing prisoner grievances and the confiscation of his

2  property.

3          Plaintiff's claim that defendant took his property in retaliation for plaintiff filing

4  prisoner grievances is nothing more than a naked assertion not supported by any fact alleged by

5  plaintiff in the narrative portion of his complaint or apparent in the 85 pages of exhibits.  There is

6  nothing specifically indicating defendant was even aware of the grievances plaintiff asserts

7  provide the basis for defendant's alleged acts of retaliation.

8          Even if the court assumes that defendant was somehow aware of the grievances

9  simply by the fact that he is employed in the same prison where plaintiff is housed and worked in

10  a location where defendant had contact with plaintiff, there is nothing indicating why the

11  grievances identified by plaintiff would reasonably provide defendant with a motive to

12  permanently deprive plaintiff of his property.  There is nothing connecting either grievance to

13  defendant other than the fact that Officers Barron and Wedemyer assisted defendant on May 14,

14  2009.

15          For these reasons, the court will recommend that defendant's motion to dismiss be

16  granted and this case be closed.

17          The court notes that defendant requests that discovery be stayed.  In light of the

18  fact that the court is recommending that this action be dismissed, the motion will be granted.

19  The stay will be lifted if the district court judge assigned to this elects not to dismiss this case.

20          Accordingly, IT IS HEREBY ORDERED that:

21          1.  Defendant's October 25, 2011 motion for a stay of discovery is granted;

22          2.  Discovery is stayed.

23          IT IS HEREBY RECOMMENDED that:

24          1.  Defendant Harper's August 22, 2011 motion to dismiss be granted; and

25          2.  This case be closed.

26  /////

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 17, 2011

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
penn2256.57

5